UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RAKESH JOSHI and PRANIKA JOSHI, | |
| Plaintiffs, | NO. CIV. S-09-0095 FCD/DAD |
| v. | MEMORANDUM AND ORDER |
| STARBUCKS CORPORATION, a Washington corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

----oo0oo----

On January 12, 2009, Rakesh and Pranika Joshi (collectively "plaintiffs") filed a complaint against Starbucks Corporation ("defendant" or "Starbucks"), asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory fraud. This matter is before the court on plaintiffs' motion for partial summary adjudication on the sole issue of defendant's liability to plaintiffs for breach of contract. Defendant opposes the motion. For the reasons set

forth below,[1] plaintiffs' motion for summary adjudication is GRANTED.

## BACKGROUND[2]

This dispute arose out of a lease agreement entered into in February 2008 between plaintiffs and defendant, pursuant to which defendant agreed to lease a portion of a proposed retail business complex that plaintiffs agreed to construct on their property located in Chico, California. (UF ¶ 1.) Pursuant to the agreement, defendant had a contractual obligation to diligently initiate and obtain any and all permits and/or licenses required for defendant to (1) legally construct its planned improvements to the property; (2) install its signage; (3) conduct its business; and (4) provide and operate outdoor seating. (UF ¶ 2.) Further, the agreement provided that "[t]he failure by Tenant to observe or perform any of the covenants, conditions, or provisions of this Lease to be observed or performed by Tenant, . . . where such failure shall continue for a period of thirty (30) days after written notice thereof from Landlord to tenant" constitutes a default and breach of the lease. (UF ¶ 3.)

Upon execution of the lease, plaintiffs immediately began performance of their contractual obligations. (Rakesh Joshi's Decl. in Supp. of Mot. ("Joshi Decl.") [Docket # 60], filed Sept.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Unless otherwise noted, the facts herein are undisputed. (See Def.'s Response to Pls.' Statement of Undisputed Facts ("UF") [Docket # 68], filed Oct. 30, 2009.) Where the facts are dispute the court recounts the facts of the non-moving party. (Def.'s Statement of Disputed Facts ("DF") [Docket #68], filed Oct. 30, 2009.)

28, 2009, ¶ 7.)  Specifically, plaintiff procured required traffic studies, mitigation measures, planning commission and architectural review board appeals, use permits, construction financing, and the services of a commercial construction contractor.  (Id.)  Plaintiffs also supplied defendant with their permit drawing to facilitate defendant's compliance with its contractual obligations to procure all requisite permits and/or licenses.  (Id.)

On June 20, 2008, defendant's Senior Store Development Manager of Northern California, Leslie Mitchell, sent Rakesh Joshi an e-mail (the "June 20 e-mail"), notifying plaintiffs that defendant was not going to occupy the property and was not submitting its building permit plans to the City of Chico for approval.  (UF ¶ 4.)  On June 24, 2008, plaintiffs' counsel, Timothy Ferris, sent defendant written notice of default and demand to cure.  (UF ¶ 5.)  The letter specifically identified defendant's "admitted intentional failure and . . . refusal to submit plans to the City of Chico in a timely manner."  (Id.; Ex. 2-A to Timothy D. Ferris Decl. in Supp. of Mot. ("Ferris Decl.") [Docket # 60], filed Sept. 28, 2009.)  The letter also notified defendant that its refusal to perform obligations under the lease prevented plaintiff from completing their work.  (Joshi Decl. ¶ 10.)

Defendant did not submit its building plans to the City of Chico for the requisite permits and/or licenses.  (UF ¶ 6.) Defendant never occupied plaintiffs' property as a commercial tenant pursuant to the lease agreement.

/////

**STANDARD**

Rule 56 allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party claiming relief may move . . . for a summary judgment on all or any part of the claim."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992). The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(c)-(d).

The Federal Rules of Civil Procedure provide for summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998). The evidence must be viewed in the light most favorable to the nonmoving party. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). If the plaintiff can make such a showing, the burden shifts to the opposing party to point to a triable issue of one or more material facts relating to the claim or a defense thereto. See id.; First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968). Genuine factual issues must exist that "can be resolved

4

only by a finder of fact, because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. <u>See</u> <u>T.W. Elec. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987) (citing <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. <u>See</u> <u>Falls Riverway Realty, Inc. v. City of Niagara Falls</u>, 754 F.2d 49, 57 (2d Cir. 1985); <u>Thornhill Publ'g Co., Inc. v. GTE Corp.</u>, 594 F.2d 730, 738 (9th Cir. 1979).

**ANALYSIS**

Plaintiffs move for summary judgment on their breach of contract claim, which arises out of their assertions that defendant had a duty and obligation to submit its building plans to the City of Chico to obtain the requisite permits and/or licenses and that defendant breached that duty. (Pls.' Mot. for Partial Summ. Adj. [Docket #60], filed Sept. 28, 2009, at 9-12.) "To be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." <u>Troyk v. Farmers Group, Inc.</u>, 171 Cal. App. 4th 1305, 1352 (4th Dist. 2009). Because plaintiffs seek summary adjudication solely as to liability, plaintiffs need only present affirmative evidence as to the first three elements.

In this case, it is undisputed that there was a valid, enforceable contract between the parties.  (UF ¶ 1.)  Further, plaintiffs present evidence that they were fully performing on the contract prior to notice of defendant's inaction and confirmation of such through the June 20 e-mail.  Specifically, plaintiffs procured a variety of required studies, permits, and services and began construction on the property.  Finally and most importantly, defendant admits that "it is in . . . breach of the Lease by its decision on June 20, 2008 not to seek permits for Tenant Improvements . . . ."  (Def.'s Opp'n to Pls.' Mot. [Docket #65], filed Oct. 30, 2009, at 5.)  As such, plaintiff has affirmatively demonstrated that a reasonable trier of fact could only find that defendant owed a duty under the contract to procure the required permits and/or licenses and that defendant failed to fulfill that duty.

In opposition to plaintiffs' motion, defendant asserts that (1) plaintiffs have failed to establish performance or excuse for non-performance, and (2) plaintiffs wholly fail to present evidence regarding causation of damages.  However, both of these arguments relate to adjudication of damages, not liability; the determination of the measure of damages arising from defendant's failure to procure required permits and/or licenses is not before the court on this motion.[3]

First, with respect to its assertions relating to performance or non-performance, defendant points to aspects of

---

[3] The court notes that to the extent plaintiffs fail to present any evidence of actual damages caused by defendant's breach, nominal damages may be awarded.  See Troyk, 171 Cal. App. 4th at 1352 n.36.

6

the contract to be performed after its admitted breach, specifically plaintiffs' failure to have all construction completed by April 1, 2009.  (Def.'s Opp'n at 2.)  California courts have noted that while "an anticipatory breach or repudiation of a contract by one party permits the other party to sue for damages without performing or offering to perform its own obligations . . . . , this does not mean damages can be recovered without evidence that, but for the defendant's breach, the plaintiff would have had the ability to perform." Ersa Grae Corp. v. Fluor Corp., 1 Cal. App. 4th 613, 625 (2d Dist. 1991). If a plaintiff cannot "prove that he would have been able to [perform], . . . he will fail in his *proof of damages*." Id. (quoting 5 Williston on Contracts § 669 (3d ed. 1961)) (emphasis added).  Accordingly, any genuine issue relating to plaintiff's ability to perform is germane to the determination of damages, not liability.

Second, defendant points to the failure of plaintiffs to connect defendant's breach to their claimed damages. Specifically, defendant argues that "this Court cannot presume that Starbucks' technical breach by not seeking permits for improvements that would never be built proximately caused any damages, let along the laundry list of damages alleged." (Def.'s Opp'n at 11) (emphasis in original).  The court agrees.  However, by seeking summary adjudication on the issue of liability only, plaintiffs do not seek such a presumption.  Rather, at least one California court has recently clarified that "[i]mplicit in the *element of damage* is that the defendant's breach caused the plaintiff's damage." Troyk, 171 Cal. App. 4th at 1352 (emphasis

7

added).  In order to obtain damages, a plaintiff must demonstrate that those damages were caused by defendant's breach.  <u>Id.</u>; <u>Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.</u>, 101 Cal. App. 4th 1038 (2d Dist. 2002).  As such, defendant's argument relating to causation is again more appropriately directed to the determination of damages, which is not presently before the court.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for partial summary adjudication is GRANTED

IT IS SO ORDERED.

DATED: November 13, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE